DANIEL M. BENJAMIN, ESQ.
JAMES W. HOFMAN, II, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
259 Martyr Street, Suite 100
Hagåtña, Guam 96910
Telephone No.: (671) 646-9355
Facsimile No.: (671) 646-9403

Attorneys for Defendants
*GMP Hawaii, Inc., dba GMP Associates,*
*and Ohio Pacific Tech, Inc.,*
  *dba GMP Associates, Inc.*



FILED
DISTRICT COURT OF GUAM
OCT 1 4 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| MAEDA PACIFIC CORPORATION, a Guam corporation,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>GMP HAWAII, INC., et al.,<br>　　　　　　Defendants. | CIVIL ACTION NO. 08-00012<br><br>DEFENDANT OHIO PACIFIC TECH, INC. and GMP HAWAII, INC.'S ANSWER, COUNTERCLAIM, CROSS-CLAIM, AND JURY TRIAL DEMAND |
| OHIO PACIFIC TECH, INC., an Ohio corporation doing business as GMP ASSOCIATES, INC.<br>　　　　　　Counter-Claim Plaintiff,<br>vs.<br><br>MAEDA PACIFIC CORPORATION, a Guam corporation,<br><br>　　　　　　Counter-Claim Defendant. | |
| GMP HAWAII, INC., a Hawaii corporation, and OHIO PACIFIC TECH, INC., an Ohio corporation doing business as GMP ASSOCIATES, INC.,<br><br>　　　　　　Cross-Plaintiffs,<br>vs.<br><br>JORGENSEN & CLOSE ASSOCIATES, INC., a Colorado corporation, | ORIGINAL |

1

| | |
|---|---|
| Cross-Defendant, | |
| GMP HAWAII, INC., a Hawaii corporation, and OHIO PACIFIC TECH, INC., an Ohio corporation doing business as GMP ASSOCIATES, INC.,<br><br>Third Party Plaintiffs<br><br>vs.<br><br>SMITHBRIDGE GUAM, INC.<br><br>Third Party Defendant. | |

## ANSWER

COMES NOW Defendants Ohio Pacific Tech, Inc. and GMP Hawaii, Inc. (collectively "GMP Associates"), by and through their attorneys, and hereby respond to the Complaint as follows:

1. GMP Associates admits the allegations in paragraphs 1.1 of the Complaint.

2. GMP Associates admits the allegations in paragraphs 1.2 of the Complaint.

3. As to the allegations in paragraph 1.3, GMP Associates admits the allegations therein, and in addition notes that Ohio Pacific Tech, Inc. was formerly known as GMP Associates, Inc.

4. GMP Associates admits the allegations in paragraphs 1.4 of the Complaint.

5. As to the allegations in paragraph 1.5, GMP Associates admits only that Plaintiff's complaint seeks damages in excess of $75,000. GMP Associates denies any liability for such alleged damages.

6. As to the allegations in paragraph 2.1, GMP Associates is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence, and therefore denies the allegation therein. GMP Associates admits the remaining allegations except that GMP Associates denies that it was the designer of the reservoir tank.

7. GMP Associates admits the allegations in paragraph 2.2.

8. GMP Associates is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.3 of the Complaint and therefore denies each and every allegation therein.

9. GMP Associates is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.4 of the Complaint and therefore denies each and every allegation therein.

10. GMP Associates admits the allegations in paragraph 2.5 except that on information and belief, Jorgensen & Close Associates, Inc. ("Jorgensen") commenced design work of the reservoir tank about seven months after the award of the contract.

11. GMP Associates admits the allegations in paragraph 2.6 except that GMP Associates' preparation of the final "design" specifications and "design" drawings did not include the design of the reservoir tank.

12. As to the allegations in paragraph 2.7, GMP Associates admits that Exhibit A to the Complaint consists of true copies of the Agreement and Change Orders entered into between Plaintiff and GMP Associates. GMP Associates denies the remaining allegations therein.

13. GMP Associates is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.8 of the Complaint and therefore denies each and every allegation therein.

14. GMP Associates admits the allegations in paragraph 2.9 insofar as it was aware of the venting requirements; however, it denies that it was responsible for the design of the reservoir tank. GMP Associates is without sufficient knowledge or information as to Jorgensen.

15. GMP Associates denies the allegations in paragraph 2.10.

16. GMP Associates denies the allegations as to GMP Associates in paragraph 3.1. GMP Associates admits that Jorgenson was responsible for inclusion of air vents in the design and that the Wiss, Janney, Elstner Associates, Inc. report found that the reservoir tank roof collapse was attributed to the absence of air vents within the tank. GMP Associates is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.1 of the Complaint and therefore denies each and every allegation therein.

17. GMP Associates denies the allegation in the first sentence of paragraph 3.2 as to GMP Associates only. GMP Associates admits that the Wiss, Janney, Elstner Associats, Inc. report found that the reservoir tank roof collapse was attributed to the absence of air vents within the tank.

18. GMP Associates denies the allegations in paragraph 3.3.

19. GMP Associates reasserts its prior responses to paragraphs 1.1 through 3.3 in response to paragraph 4.1.

20. GMP Associates admits paragraph 4.2, except that GMP Associates denies that it contractually agreed to design the reservoir tank.

21. GMP Associates denies the allegations in paragraph 4.3.

22. GMP Associates reasserts its prior responses to paragraphs 1.1 through 4.3 in response to paragraph 5.1.

23. GMP Associates admits the allegations in paragraph 5.2. as to value engineering services, preparation of the OMSI, and construction quality control. GMP Associates denies paragraph 5.2 insofar as it alleges that GMP Associates was responsible for the design of the reservoir tank and that it agreed to prepare as-built drawings, shop drawings and cost overruns. Furthermore, GMP Associates denies that it performed construction quality

control during the construction of the reservoir tank roof because GMP Associates' contract had already expired by that time. GMP Associates denies all other allegations in paragraph 5.2.

24. GMP Associates denies the allegations in paragraph 5.3.

25. GMP Associates generally and specifically denies each and every allegation not herein specifically admitted to by it.

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted. Plaintiff's negligence claim is a breach of contract claim. Plaintiff is not entitled to consequential damages.

2. The Complaint is barred by reason of acts, omissions, representations and courses of negligent and dilatory conduct by Plaintiff or other parties, thereby barring, under the doctrine of estoppel, any causes of action asserted by Plaintiff.

3. GMP Associates is entitled to offset for Plaintiff's failure to compensate GMP Associates for work performed and for Plaintiffs' breaches of contract as set out in the below counterclaims.

4. The Complaint is barred because GMP Associates was not responsible for the design of the reservoir tank

5. Plaintiff failed to perform condition precedent.

6. GMP Associates performed all contractual obligations.

7. Plaintiff has failed to join indispensable parties, as required by Rule 19 of the Federal Rules of Civil Procedure.

8. Plaintiff is precluded from maintaining this Complaint by the equitable doctrine of unclean hands.

9. The Complaint is barred by the doctrine of laches.

10. The Complaint is barred by the doctrine of waiver.

11. The Complaint is barred to the extent Plaintiff failed to mitigate its alleged damages.

12. If damages were incurred as alleged, they were caused solely by the conduct of Plaintiff, other defendants, or third persons or entities, and not GMP Associates.

13. Plaintiff's own negligence or that of third parties was the supervening cause of any injuries Plaintiff may have sustained, and therefore Plaintiff may not recover against GMP Associates.

14. GMP Associates denies liability, but if it is liable, it is entitled to contribution from Jorgenson & Close Associates and Smithbridge Guam (Inc.).

WHEREFORE, GMP Associates prays that judgment be entered in favor of GMP Associates and against Plaintiff for all causes of action in the Complaint, that Plaintiff take nothing by way of its Complaint, that GMP Associates be awarded its costs, attorneys' fees and such other and further relief that the Court deems just and proper.

Submitted this 10th day of October, 2008

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for *GMP Hawaii, Inc., dba GMP Associates, and Ohio Pacific Tech, Inc., dba GMP Associates, Inc.*

By: _____
DANIEL M. BENJAMIN

# COUNTERCLAIM

Defendant and Counterclaimant Ohio Pacific Tech, Inc., formerly known as GMP Associates, Inc., by and through counsel, hereby counterclaims against Plaintiff and Counter-defendant Maeda Pacific Corporation as follows:

## Jurisdiction

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332.

2. The matter in controversy exceeds $75,000, exclusive of interest and costs.

## Parties

3. Defendant and Counterclaimant Ohio Pacific Tech., Inc., formerly known as GMP Associates, Inc. ("GMP Associates"), is an Ohio company.

4. Plaintiff and Counter-defendant Maeda Pacific Corporation ("Maeda") is a Guam Corporation.

## Facts

5. GMP Associates entered into an agreement (the "Agreement") with Maeda, the Contractor, to design several wells, water transmission lines, and a pump station for the Andersen Air Force Base Off-Site Water System Project. A true and correct copy of the Agreement and associated change orders are attached to Maeda's Complaint as Exhibit A.

6. Pursuant to the Agreement, GMP Associates also agreed to provide construction quality control until October 31, 2005.

7. The fees stated in the Agreement for construction quality control services were deficient by $100,000.

8. Pursuant to the Agreement, GMP Associates also agreed to conduct value engineering and receive the first $100,000 in value engineering savings to make up for the "construction quality control budget shortfall."

9. The Agreement further provided that "GMP Associates shall conduct Value Engineering on the bid and 30% design documents provided by the U.S. Navy" and that "[a]ny Value Engineering Savings beyond the $100,000 for construction quality control shall be equally divided between Maeda Pacific and GMP."

10. Pursuant to the Agreement, Maeda and GMP Associates both "shall work diligently to identify the source of savings to fund this shortfall."

11. GMP Associates conducted value engineering for the following items:

   a. **Cabinets.** GMP Associates recommended non-stainless steel cabinets and installation of AC instead of stainless steel cabinets without AC for eight buildings at the facility. Savings are estimated to be $83,200.

   b. **Electrical Hand Hole Covers.** The original design called for metal covers. Maeda found concrete covers to be less expensive. GMP Associates directed the designer to change his design to include concrete covers instead of metal covers. Savings are estimated to be $100,000.

   c. **Roofs.** Substitution of cast-in-place roofs for hollow planks created savings estimated at $300,000.

   d. **Supervisory Control and Data Acquisition ("SCADA") system.** The original cost of the SCADA system was based on Motorola Corporation's price of $676,748.79. GMP Associates presented the option of Dynatek Inc. at $452,020 and Thunderbird at approximately $300,000. Maeda finally chose Thunderbird as the subcontractor. All of the proposals were based on the same equipment manufactured by

9

Motorola Corporation. Choosing Thunderbird over Motorola Corporation created savings of approximately $376,748.79.

  e. **UPS units.** Downsizing UPS units at 10 well sites and central control room created savings of $5,500.

  12. Total savings of value engineering amounted to approximately $865,448.79 to be proven at trial.

  13. Maeda paid GMP Associates $100,000 for value engineering, i.e., the first $100,000 in value engineering realized in accordance with the Agreement and Change Order #3, to make up for the "construction quality control budget shortfall."

  14. The remainder of approximately $765,448.79 was supposed to be "equally divided" between Maeda and GMP Associates pursuant to the Agreement. Maeda failed to pay this amount in breach of the Agreement. Thus, Maeda owes GMP Associates approximately $382,724.40, or more, pursuant to the Agreement.

  15. Maeda also failed to carry out the terms of the Agreement in failing to "work diligently" with GMP Associates to implement several other value engineering proposals identified by GMP Associates. Maeda failed to present these value engineering proposals to the Department of the Navy.

  16. Pursuant to the Agreement, Maeda was supposed to pay GMP Associates monthly for 10 months to provide construction quality control services.

  17. The Agreement was set to expire on October 31, 2005.

  18. Due to delays on Maeda's part, Maeda needed to extend the Agreement. At the time Maeda calculated that it needed approximately 180 more days of construction quality control in order to finish the project. For the sake of continuity, GMP Associates and Maeda agreed that Maeda would pay half of the construction quality control monthly costs for

November and December, while Maeda and GMP Associates negotiated to extend the Agreement.

19. GMP Associates provided construction quality control services to the project for the months of November and December 2005.

20. The parties did not reach an agreement to extend the Agreement.

21. GMP Associates ceased work on the project on December 24, 2005.

22. GMP Associates never received its fees of approximately $21,560 for its construction quality control services for the month of December 2005.

## Count One
## Breach of Contract

23. GMP Associates hereby incorporates and adopts each and every allegation of paragraphs 1 through 22.

24. GMP Associates performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement and the agreement to work during the months of November and December 2005 while the parties negotiated a potential extension of the Agreement.

25. Maeda breached said agreements by failing to compensate GMP Associates for value engineering conducted and for construction quality control services performed for the month of December 2005.

26. Maeda breached the Agreement in failing to "work diligently" with GMP Associates to implement several other value engineering proposals identified by GMP Associates and failing to present these value engineering proposals to the Department of the Navy, as required by Maeda's contract with the Department of the Navy, to be proven at trial.

27. Such failure to present GMP Associates' value engineering proposals to the Department of the Navy was a breach on the part of Maeda of the contract between Maeda and the Department of the Navy. Maeda only presented value engineering once as to the method and shape of the design of the reservoir tank, for which GMP Associates received no value engineering credit because it had no part in the design of the reservoir tank. After this one successful value engineering proposal, Maeda refused to present any other proposals of value engineering, as required by Maeda's contract with the Department of the Navy. This breach of Maeda's contract with the Department of the Navy directly caused Maeda to breach its contract with GMP Associates.

28. By reason of Maeda's breach of said agreements as herein alleged, GMP Associates has suffered damages in an amount to be proven at trial.

WHEREFORE, GMP Associates prays for a judgment against Maeda as follows:

1. For compensatory and incidental damages to be proven at trial;

2. For pre-judgment interest on the amount of damages awarded from and after December 24, 2005 to the date of judgment;

//
//
//
//
//
//
//
//

3. For post-judgment interest;

4. For costs;

5. For attorneys' fees; and

6. For such other relief as the Court deems just and equitable.

Submitted this 10th day of October, 2008

        CALVO & CLARK, LLP
        Attorneys at Law
        Attorneys for *GMP Hawaii, Inc., dba GMP Associates, and Ohio Pacific Tech, Inc., dba GMP Associates, Inc.*

        By: _____
             DANIEL M. BENJAMIN

## CROSS-CLAIM FOR CONTRIBUTION AGAINST DEFENDANT JORGENSEN & CLOSE ASSOCIATES, INC.

Defendants and Cross-claimants Ohio Pacific Tech, Inc. and GMP Hawaii, Inc. (collectively "Cross-claimants"), by and through counsel, hereby cross-claim against Defendant and Cross-claim Defendant Jorgensen & Close Associates, Inc. ("Jorgensen") as follows:

### Jurisdiction

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1367(a) and G.R.C.P. Rule 13(g) because it arises out of a transaction and occurrence alleged in Plaintiff's complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

### Parties

2. Cross-claimant Plaintiff Ohio Pacific Tech., Inc., formerly known as GMP Associates, Inc., is an Ohio corporation.

3. Cross-claimant Plaintiff GMP Hawaii, Inc. is a Hawaii corporation.

4. Cross-claim Defendant Jorgensen is a Colorado corporation.

### Facts

5. Whereas, Maeda Pacific Corporation ("Maeda" or "Plaintiff"), contractor for the Andersen Air Force Base Off-Site Water System Project, has brought suit against Cross-claimant seeking damages in excess of one million dollars with regard to the design and construction of a water reservoir tank that subsequently collapsed.

6. On information and belief, Maeda contracted with Smithbridge Guam, Inc. ("Smithbridge") to design and construct the water reservoir tank.

7. On information and belief, Smithbridge, in turn, hired Jorgensen to design the water reservoir tank.

8. On information and belief, as the structural engineer charged with designing the water reservoir tank, Jorgensen was responsible for ensuring the water reservoir tank's design included vents as specified in the Environmental Design Analysis and construction specifications.

9. On information and belief, Jorgensen was responsible for reviewing and stamping the precast prestressed roof design and drawings for the reservoir tank prepared by Smithbridge or its subsidiary.

10. On information and belief, Jorgensen was responsible for reviewing shop drawings for the reservoir tank, including any shop drawings for the vents for the roof of the reservoir tank.

11. On information and belief, Jorgensen failed to include vents in its design for the reservoir tank's roof.

12. On information and belief, Jorgensen was responsible for field observation trips during construction to ensure compliance with the construction specifications and any shop drawings.

13. On July 12, 2007, the roof of the water reservoir tank collapsed.

14. On information and belief, a post-incident report commissioned by Smithbridge, and prepared by Wiss, Janney, Elstner Associates, Inc. ("WJE"), found that the cause of the collapse was attributed to the lack of vents in the roof of the water reservoir tank.

## Count One

**Contribution**

15. Cross-claimants repeat and re-allege each and every allegation contained in Paragraphs 1-11 of this cross-claim.

16. Cross-claimants contend that they are in no way legally responsible for any of the damages allegedly sustained by Plaintiff Maeda. To the extent any liability is held to exist on the part of Cross-claimants, Jorgensen is obligated to reimburse Cross-claimants and is liable to Cross-claimants for all or any liability so assessed by way of contribution. Cross-claimants hereby assert such right to contribution.

## Prayer for Relief

WHEREFORE, Cross-claimants respectfully ask that this Court:

1. To dismiss the Complaint against them;

2. To award contribution for any and all damages and statutory damages to Cross-claimants and against Jorgenson in the event that Cross-claimants are held liable to Plaintiff;

3. To award Cross-claimants any and all costs and expenses, including attorney fees, incurred in the defense of this action;

4. For pre and post judgment interest; and

5. For such other and further relief as the Court deems just and proper.

Submitted this 10th day of October, 2008

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for *GMP Hawaii, Inc., dba GMP Associates, and Ohio Pacific Tech, Inc., dba GMP Associates, Inc.*

By: _____
DANIEL M. BENJAMIN

## Jury Trial Demand

Defendants GMP Hawaii, Inc., dba GMP Associates, and Ohio Pacific Tech, Inc., dba GMP Associates, Inc., hereby demand as of right a jury trial in this matter on all matters triable by jury, including without limitation as to the claims, cross-claims, counter-claims and third party claims in this matter.

Submitted this 10th day of October, 2008

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for *GMP Hawaii, Inc., dba GMP Associates, and Ohio Pacific Tech, Inc., dba GMP Associates, Inc.*

By: _____
DANIEL M. BENJAMIN