THOMAS C. STERLING
BLAIR STERLING JOHNSON & MARTINEZ
A PROFESSIONAL CORPORATION
SUITE 1008 DNA BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant Lexington Insurance Company*

FILED
DISTRICT COURT OF GUAM

MAY 20 2011

JEANNE G. QUINATA
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MAEDA PACIFIC CORPORATION, a Guam corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GMP HAWAII, INC., a Hawaii corporation doing business as GMP ASSOCIATES, OHIO PACIFIC TECH, INC., an Ohio corporation doing business as GMP ASSOCIATES, INC., and GMP ASSOCIATES, INC. (collectively, "GMP"); and their insurance company, LEXINGTON INSURANCE COMPANY; JORGENSEN & CLOSE ASSOCIATES, INC., a Colorado corporation, and its insurer, U.S. SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 08-00012<br><br>**DEFENDANT LEXINGTON INSURANCE COMPANY'S MOTION TO STAY PROCEEDINGS ON DIRECT ACTION CLAIM PENDING CONTRACTUAL ARBITRATION**<br>\* \* \*<br>**ORAL ARGUMENT REQUESTED** |

Defendant **LEXINGTON INSURANCE COMPANY** (hereinafter "Lexington") hereby moves pursuant to 9 U.S.C. §3 for a stay of any further proceedings herein in connection with Plaintiff Maeda Pacific Corporation's (hereinafter "Maeda") direct action claim against Lexington pending arbitration of the issue of whether coverage exists under Lexington's policy issued to GMP Hawaii, Inc., Ohio Pacific Tech, Inc., and GMP Associates, Inc.

(hereinafter collectively "GMP"). Said motion is based upon 9 U.S.C. §3 which provides that the trial court shall stay proceedings when an arbitration agreement exists. Lexington's policy includes an arbitration provision for disputes involving interpretation of the policy which must be complied with by both the insured and any third party beneficiary, such as Maeda.

## STATEMENT OF THE CASE

Maeda instituted this action on August 14, 2008 through its Complaint against GMP and Jorgensen & Close Associates in which it alleged that those defendants were responsible for the collapse of a water tank which was being constructed by Maeda for the Department of the Navy. Thereafter, on February 24, 2009, Maeda filed a First Amended Complaint in which it added Lexington and US Specialty Insurance Company (hereinafter "US Specialty") as defendants. The First Amended Complaint alleged that Lexington was the direct action insurer for GMP and that US Specialty was the direct action insurer for Jorgensen & Close.

This action was essentially stayed on August 6, 2010 when this Court entered its Opinion and Order which, among other things, certified to the Guam Supreme Court the issue of the applicability and scope of the economic loss doctrine on Guam. As indicated in Maeda's Status Report filed on May 4, 2011, the Guam Supreme Court requested and received briefing on whether

it had jurisdiction to decide the issue. On May 10, 2011, the Supreme Court decided it did and set Oral Argument for June 28, 2011.

During the period of time in which the certified question issue has been pending, Lexington learned of facts which raise significant coverage issues in connection with coverage under its policy for the claims alleged by Maeda herein. As such, Lexington has instituted arbitration proceedings before the American Arbitration Association in Boston, Massachusetts, as required by the terms of its policy, and now moves to stay the direct action claims pending the determination of the coverage issue in arbitration.[1]

### ANY COVERAGE DISPUTES ARE SUBJECT TO ARBITRATION PURSUANT TO THE TERMS OF THE POLICY

Lexington's policy issued to GMP (Sterling Affidavit Ex. "A") upon which Lexington has been named as a direct action defendant provides in pertinent part as follows in Condition Q:

> "Notwithstanding the Service of Suit Condition above, <u>in the event of a disagreement as to the interpretation of this policy, it is mutually agreed that such dispute shall be submitted to binding arbitration</u>. . .
>
> * * *
>
> The arbitration proceeding shall take place in or in the vicinity of Boston, Massachusetts. The procedural rules applicable to the arbitration,

---

[1] GMP filed its own action in this Court on April 12, 2011 against Lexington denominated <u>GMP Hawaii, Inc. et al. v. Lexington Insurance Company</u>, Civil Action No. 11-00010 in which it seeks a declaratory judgment that it is covered under Lexington's policy for the claims alleged in this action. Simultaneously herewith, Lexington is moving to stay the claims in Civil Action No. 11-00010 pending arbitration and, additionally, to consolidate that action with this one.

- 3 -

shall, except as provided otherwise herein, be in accordance with the Commercial Rules of the American Arbitration Association." (Emphasis added).

Thus, Lexington and GMP agreed in the policy that any issues pertaining to coverage under the policy for claims alleged against GMP would be determined in arbitration pursuant to the rules of the American Arbitration Association. Lexington has instituted such an arbitration and it is presently pending before the American Arbitration Association in Boston. (Sterling Affidavit Ex. "B").

For the reasons set forth hereinafter, the insurance coverage issues presented in this action must be stayed pending binding arbitration amongst Lexington, GMP, and Maeda in which the nature and extent of coverage, if any, will be determined.

### GMP IS REQUIRED TO ARBITRATE COVERAGE

Lexington's policy under which this action has been brought by Maeda provides in Condition Q for arbitration of issues involving interpretation of the policy. The Federal Arbitration Act indicates as follows at 9 U.S.C. §3:

> "If any suit or proceeding be brought in any of the courts of the United States <u>upon any issue referable to arbitration under an agreement in writing for such arbitration</u>, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall on application of one of the parties stay the trial</u> of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." (Emphasis added).

- 4 -

Under 9 U.S.C. §3, a stay is <u>required</u> if arbitration is indicated by the contract. <u>Pearce v. E.F. Hutton Group Inc.</u>, 828 F.2d 826, 830 (D.C. Cir. 1987).

Pursuant to its policy, GMP must arbitrate coverage.

### MAEDA IS REQUIRED TO ARBITRATE COVERAGE

In <u>TCW Special Credits, et al. v. F/V Chloe Z</u>, 1997 WL 901795 (U.S. Guam), 1998 A.M.C. 750 and <u>Heikkila v. Sphere Drake Insurance Underwriting Management, Ltd.</u>, 1997 WL 995625 (D. Guam), 1997 A.M.C. 2975, this Court concluded that, under Guam law, a direct action claimant is bound by the arbitration provisions of the policy it is suing on.

Moreover, subsequent to those decisions, the United States Supreme Court issued its Opinion under the Federal Arbitration Act in <u>Arthur Anderson LLP v. Carlisle</u>, 129 S.Ct. 1896, 173 L.Ed.2d 832, 77 U.S.L.W. 4374 (2009), in which it concluded that non-signatories to arbitration agreements could be compelled to arbitrate depending upon principles of state contract law "including the question of who is bound by them." 129 S.Ct. at 1901-02. Therefore, the issue of what the rights and obligations of Maeda are as a direct action claimant and whether it must arbitrate coverage are to be determined in accordance with Guam law.

Title 18 G.C.A. §85204 provides that "[A] contract made expressly for the benefit of a third person, may be enforced by

- 5 -

him at any time before the parties thereto rescind it." This provision of Guam law was adopted from and is identical to California Civil Code §1559. As such, the California interpretations of Civil Code §1559 should properly be followed by the courts of Guam unless they are "poorly reasoned, based on antiquated grounds, inapplicable to Guam, or otherwise at odds with local laws or custom." Custodio v. Boonprakong, 1995 Guam 5 ¶11.

Under California law, the right to a direct action against an insurance policy makes the claimant a third party beneficiary. Zhan v. Canadian Indem. Co., 57 Cal.App.3d 509, 129 Cal.Rptr. 286 (1976); Interinsurance Exchange of Auto. Club of Southern California v. Savior, 51 Cal.App.3d 691, 124 Cal.Rptr. 239 (1975); Johnson v. Holmes Tuttle Lincoln-Mercury Inc., 160 Cal.App.2d 290, 325 P.2d 193 (1958) [contractual relation which inures to benefit of claimant "as if such person had been specifically named in the policy"]. Third party beneficiaries to contracts can enforce arbitration agreements contained therein. Macauley v. Norlander, 12 Cal.App.4th 1, 7-8, 15 Cal.Rptr.2d 204, 208 (1993); Outdoor Services, Inc. v. Pabagold, Inc., 185 Cal.App.3d 676, 684, 230 Cal.Rptr. 73, 78 (1986). Likewise, third party beneficiaries are bound by an arbitration agreement in an insurance policy. Van Tassel v. Superior Court of Fresno County, 12 Cal.3d 624, 626, 116 Cal.Rptr. 505 (en banc 1974).

- 6 -

The California courts have recognized that a third party beneficiary has no greater rights than the promisor or promisee under any contract. Skylawn v. Superior Court, 88 Cal.App.3d 316, 151 Cal.Rptr. 793 (1979); Collins v. County of Los Angeles, 241 Cal.App.2d 451, 454, 50 Cal.Rptr. 586 (1966). When a party seeks to secure contractual benefits as a third party beneficiary, such as Maeda is doing with its direct action claim herein, it must take the contract as it finds it. The third party cannot select favorable portions and reject unfavorable portions. Sanders v. American Casualty Co., 269 Cal.App.2d 306, 310, 74 Cal.Rptr. 634 (1969).

Inasmuch as Maeda is bringing its action pursuant to the Direct Action Statute, it is, as a matter of law, a third party beneficiary of the policy and it is bound by the arbitration provisions of the policy. It no doubt recognizes this reality since Maeda has appeared in the arbitration in Massachusetts for the purpose of participating and determining its rights under the policy as a direct action claimant. (Sterling Affidavit Ex. "C").

GMP has thus far failed to appear in the arbitration. Whether GMP appears in the arbitration or refuses to appear is actually of little consequence since Rule 29 Commercial Arbitration Rules of the American Arbitration Association allow the entry of an award in the absence of a party that refuses to participate despite an arbitration agreement. (Addendum 1).

- 7 -

Additionally, GMP will be bound by the result achieved in the arbitration pursuant to principles of collateral estoppel. A party is bound by a decision in a case in which it chooses not to participate where the non-party has an identity of interest with, and adequate representation by, the party in the first action and the non-party should reasonably expect to be bound by the prior adjudication. Helfend v. Nat'l Union Fire Ins. Co., 10 Cal.App.4th 1869, 13 Cal.Rptr.2d 295, 314 (1992); City of Martinez v. Texaco Trading & Trans. Inc., 353 F.3d 758, 764 (9th Cir. 2003). Moreover, the Ninth Circuit has concluded that arbitration agreements have collateral estoppel effect. C.D. Anderson & Co. Inc. v. Lemos, 832 F.2d 1097 (9th Cir. 1987); Greenblat v. Drexel Burnham Lambert Inc., 763 F.2d 1352, 1360 (9th Cir. 1985). In Lexington's view, GMP will be bound by the arbitration ruling whether it participates or not.

This Court cannot order GMP to appear in arbitration in Massachusetts inasmuch as 9 U.S.C. §4, the section pertaining to compelling arbitration, provides that a District Court cannot order an arbitration to proceed outside of its own district.[2] Nevertheless, it remains wholly appropriate for this Court to stay proceedings pending completion of the

---

[2] The Ninth Circuit has suggested in dicta that a party can be compelled to arbitrate outside the district when the party moving to compel arbitration is a defendant such as Lexington is here. Textile Unlimited, Inc. v. A.. BMH Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001). The propriety of such an order would be debatable in light of the language of the statute and much authority from other courts to the contrary.

arbitration. Snyder v. Smith, 736 F.2d 409, 420 (7th Cir. 1984); Messing v. Rosenkrantz, 872 F.Supp. 539, 542 (N.D. Ill. 1995).

### CONCLUSION

For all of the foregoing reasons, Lexington respectfully submits that Maeda's direct action claim should be stayed until such time as coverage for the same has been determined in the pending arbitration.

DATED this 17th day of May, 2011.

BLAIR STERLING JOHNSON & MARTINEZ
A PROFESSIONAL CORPORATION

BY: *[signature]*
THOMAS C. STERLING
*Attorneys for Defendant Lexington Insurance Company*

E56\44694-01
G:\PLD\TCS\552-MOTION TO STAY PROCEEDINGS ON DIRECT ACTION CLAIM RE
MAEDA V GMP ET AL CV08-00012.DOC

# ADDENDUM

# 1

Search ⊕
**ABOUT US**   **DISPUTE RESOLUTION SERVICES**   **FILE A CASE**   **AAA UNIVERSITY**   **NEUTRALS**
**CONTACT US**
PRINT VERSION

## Commercial Arbitration Rules and Mediation PROCEDURES

(Including Procedures for Large, Complex Commercial Disputes)
Rules Amended and Effective June 1, 2009
Fee Schedule Amended and Effective June 1, 2010

To access the AAA Commercial Arbitration Rules and Mediation Procedures with the previous versions of Fee Schedules, visit the Archived Rules area of the site -- click here.

**TABLE OF CONTENTS**

# IMPORTANT NOTICE
# INTRODUCTION
# STANDARD ARBITRATION CLAUSE
# ADMINISTRATIVE FEES
# MEDIATION
# LARGE, COMPLEX CASES

# COMMERCIAL MEDIATION PROCEDURES
## M-1. Agreement of Parties
M-2. Initiation of Mediation
M-3. Representation
M-4. Appointment of the Mediator
M-5. Mediator's Impartiality and Duty to Disclose
M-6. Vacancies
M-7. Date and Responsibilities of the Mediator
M-8. Responsibilities of the Parties
M-9. Privacy
M-10. Confidentiality
M-11. No Stenographic Record
M-12. Termination of Mediation
M-13. Exclusion of Liability
M-14. Interpretation and Application of Procedures
M-15. Deposits
M-16. Expenses

## M-17. Cost of Mediation

# COMMERCIAL ARBITRATION RULES
## R-1. Agreement of Parties
## R-2. AAA and Delegation of Duties
## R-3. National Roster of Arbitrators
## R-4. Initiation under an Arbitration Provision in a Contract
## R-5. Initiation under a Submission
## R-6. Changes of Claim
## R-7. Jurisdiction
## R-8. Mediation

R-9. Administrative Conference
R-10. Fixing of Locale
R-11. Appointment from National Roster
R-12. Direct Appointment by a Party
R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
R-14. Nationality of Arbitrator
R-15. Number of Arbitrators
R-16. Disclosure
R-17. Disqualification of Arbitrator
R-18. Communication with Arbitrator
R-19. Vacancies
R-20. Preliminary Hearing
R-21. Exchange of Information
R-22. Date, Time, and Place of Hearing
R-23. Attendance at Hearings
R-24. Representation
R-25. Oaths
R-26. Stenographic Record
R-27. Interpreters
R-28. Postponements
R-29. Arbitration in the Absence of a Party or Representative
R-30. Conduct of Proceedings
R-31. Evidence
R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence
R-33. Inspection or Investigation
R-34. Interim Measures
R-35. Closing of Hearing
R-36. Reopening of Hearing
R-37. Waiver of Rules
R-38. Extensions of Time
R-39. Serving of Notice
R-40. Majority Decision
R-41. Time of Award
R-42. Form of Award
R-43. Scope of Award
R-44. Award upon Settlement
R-45. Delivery of Award to Parties
R-46. Modification of Award
R-47. Release of Documents for Judicial Proceedings
R-48. Applications to Court and Exclusion of Liability
R-49. Administrative Fees
R-50. Expenses
R-51. Neutral Arbitrator's Compensation
R-52. Deposits
R-53. Interpretation and Application of Rules
R-54. Suspension for Nonpayment

EXPEDITED PROCEDURES
E-1. Limitation on Extensions
E-2. Changes of Claim or Counterclaim
E-3. Serving of Notices

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

R-29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

R-30. Conduct of Proceedings

(a) The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

(b) The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

(c) The parties may agree to waive oral hearings in any case.

R-31. Evidence

(a) The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent, in default or has waived the right to be present.

(b) The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

(c) The arbitrator shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

(d) An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence

(a) The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

(b) If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

R-33. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time and the AAA shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

R-34. Interim Measures**

(a) The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

(b) Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

(c) A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

** The Optional Rules may be found below.

R-35. Closing of Hearing