THOMAS C. STERLING
BLAIR STERLING JOHNSON & MARTINEZ
A PROFESSIONAL CORPORATION
SUITE 1008 DNA BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant Lexington Insurance Company*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| MAEDA PACIFIC CORPORATION, a Guam corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GMP HAWAII, INC., a Hawaii corporation doing business as GMP ASSOCIATES, OHIO PACIFIC TECH, INC., an Ohio corporation doing business as GMP ASSOCIATES, INC., and GMP ASSOCIATES, INC. (collectively, "GMP"); and their insurance company, LEXINGTON INSURANCE COMPANY; JORGENSEN & CLOSE ASSOCIATES, INC., a Colorado corporation, and its insurer, U.S. SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 08-00012<br><br>**LEXINGTON INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS ON DIRECT ACTION CLAIM PENDING CONTRACTUAL ARBITRATION** |

Plaintiff **MAEDA PACIFIC CORPORATION** (hereinafter "Maeda") has opposed **LEXINGTON INSURANCE COMPANY**'s (hereinafter "Lexington") Motion to Stay Pending Arbitration asserting:

1) That the motion is premature;

2) That Lexington has waived its right to arbitrate coverage; and

3) That Maeda, as a direct action claimant, has no obligation to comply with the arbitration provisions of the policy on which it is suing.

As will be demonstrated hereinafter, Maeda's arguments are without merit.

Initially, it must be noted that a party, such as Maeda, arguing an alleged waiver of a right to arbitration bears a heavy burden of proof. Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986); Van Ness Townhouses v. Mar Industries Corp., 682 F.2d 754, 758 (9th Cir. 1989). As stated in Fisher, *supra*:

> "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof'". 791 F.2d at 694.

As such, it is highly significant that Maeda has presented no facts whatsoever to support its waiver argument beyond discussing the allegations of Lexington's Demand for Arbitration (Exhibit "B" to Sterling Affidavit filed herein on May 20, 2011). This is notable inasmuch as the Ninth Circuit has held that the failure of a party opposing arbitration to provide evidence of when a party had "knowledge" of its right to arbitrate can be fatal to the waiver argument. *See*, Britton v. Co-Op Banking Group, 916 F.2d 1405, 1413 (9th Cir. 1990). [No evidence provided establishing when the party that sought arbitration had "knowledge" of its right to compel arbitration.]

- 2 -

The essential dates pertaining to the waiver argument were taken from Lexington's Demand for Arbitration and, with all due respect, were mischaracterized in Maeda's brief. Specifically, the Arbitration filing indicates that Maeda's counsel, Mr. Teker, wrote to GMP Vice President Melnyk on September 25, 2007 contending that the tank collapse resulted from a design error and this letter tendered the defense and indemnity of Maeda to GMP. (Paragraph 24). GMP responded on October 26, 2007 by a letter to Mr. Teker from Ms. Janalynn Damian of Calvo & Clark that disputed GMP's responsibility for the tank collapse. (Paragraph 25). Thereafter, on November 16, 2007, Maeda's counsel again took the position in a letter to Ms. Damian that GMP was responsible for the damage to the tank and that Maeda would pursue GMP for recovery of the damages. (Paragraph 26).[1]

Shortly thereafter, on November 26, 2007, GMP submitted a renewal application for the policy at issue in this litigation in which, in response to a question concerning potential claims, GMP failed to disclose the claim which had been made by Maeda only weeks before the renewal application was submitted. (Paragraphs 28-31).[2] This failure to disclose these documents and the claim against GMP for the tank collapse on the Maeda

---

[1] These letters are attached as Exhibits "D", "E", and "F" to Exhibit "A" of the Aguigui Affidavit filed herein on June 21, 2011. The letters of October 26, 2007 and November 16, 2007 are also attached to the Larkin Affidavit filed herein on June 1, 2011.

[2] This Application is attached as Exhibit "H" to Exhibit "A" to the Aguigui Affidavit.

- 3 -

project or the potential for such a claim that they reflected is the primary basis on which Lexington is disputing coverage in the arbitration. GMP never disclosed this correspondence to Lexington at anytime[3], but their existence precludes coverage under the policy because the policy does not cover claims that were either made or could have been anticipated by GMP before the effective date of the policy in effect when GMP reported the claim to Lexington. GMP reported the Maeda claim to Lexington in August 2008, under a policy issued by Lexington that became effective on December 17, 2007, which was after the correspondence in question.

Approximately 8 months later, on August 14, 2008, this action was filed alleging that GMP was responsible for damages resulting from the tank collapse and GMP tendered its defense in the Maeda lawsuit to Lexington on August 27, 2008. (Paragraph 18). On April 2, 2009, Lexington accepted the tender of GMP's defense pursuant to a full and complete reservation of rights.

Subsequently, as a result of discovery materials generated in the litigation, Lexington became aware of the late 2007 correspondence between counsel for Maeda and GMP concerning Maeda's contention that the tank collapse was the fault and

---

[3] Lexington first became aware of these documents when GMP's counsel produced the exhibits to the deposition of Peter Melynk to Lexington's coverage counsel during the course of discovery in the instant litigation.

- 4 -

responsibility of GMP. This information raised coverage issues under coverage A of the policy (Sterling Affidavit Exhibit "A") inasmuch as the dates on which an insured has notice of a claim and reports it to Lexington are critical to coverage under a claims made policy. After substituting separate counsel into this action on its behalf and performing an analysis of the situation and its rights, Lexington filed a demand for arbitration before the American Arbitration Association in Boston, Massachusetts against Maeda and GMP seeking a resolution of the coverage dispute as it was required to do pursuant to the terms of the policy.

### I. THIS MOTION IS NOT PREMATURE

While Lexington does not disagree with Maeda's contention that this action is currently stayed in its entirety pending the Guam Supreme Court's determination of the certified question, such does not make this motion "premature". The Court is requested to take judicial notice of the fact (Appendix "A") that the Guam Supreme Court will hold a hearing on the certified question on June 28, 2011, prior to the hearing on this motion, and that a decision on the appeal will be issued, most likely, in the next several months.

Should the Guam Supreme Court issue its opinion on the certified question before the coverage arbitration is

- 5 -

concluded, proceedings in this action will move forward, including proceedings on the direct action claim of Maeda, unless a stay is provided pending arbitration. It makes no sense whatsoever to, as Maeda seemingly suggests, wait until this action is moving forward to seek a stay pending arbitration. It is appropriate to seek that stay now so that the issue can be addressed before such time as one or more parties may seek to engage in discovery or other activities directed towards coverage and the direct action claim.

## II. LEXINGTON HAS NOT WAIVED ITS RIGHT TO ARBITRATION

The test for determining whether a party has waived its right to arbitrate in this District has been clearly stated by the Ninth Circuit Court of Appeals on several occasions. As noted in <u>Britton v. Co-Op Banking Group</u>, 916 F.2d 1405, 1412 (9th Cir. 1990):

> "A party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts."

Maeda cannot establish a single prong of this test. First, it has presented no facts to establish that Lexington somehow slept on its rights after it learned of the coverage defense.

//

Second, there has been no showing whatsoever as to any act by Lexington inconsistent with its right to arbitrate.[4]

Most significantly, Maeda has failed to establish the crucial element of prejudice. The prejudice argument as set forth in its opposition appears to be that the parties have engaged in extensive litigation and discovery pertaining to the merits of the tank collapse dispute, that fact witnesses have been deposed, expert witness reports have been exchanged, and that only depositions of the experts are required in order to take this matter to trial. This argument establishes no prejudice whatsoever based upon Ninth Circuit authority. There has been no showing, nor can there be, that any significant portion of the extensive litigation and discovery referred to in Maeda's opposition had anything whatsoever to do with the <u>factual issues pertaining to the coverage dispute</u>. Further, all such discovery had to be conducted with regard to Maeda's action against GMP and the other, non-Lexington defendants, for purposes of seeking to prove its case concerning the collapse; it would have been conducted whether or not the direct action claim existed and without regard to the coverage issues that must be resolved in arbitration.

---

[4] As Maeda discusses in its brief, Lexington was, at all relevant times, represented by the same law firm as was representing its purported insured, GMP, in these proceedings. Thus, it is not at all clear that "Lexington" took any action whatsoever in these proceedings in light of the dual representation, as all actions were taken by counsel that also represented GMP and were consistent with the defense of the action involving the tank collapse, rather than with resolution of any disputes over coverage.

- 7 -

The Ninth Circuit has clearly stated that the performance of discovery pertaining to non-arbitrable claims that will remain in Court does not constitute "sufficient prejudice to establish waiver". Fisher, supra, 791 F.2d at 697. *See also*, Dickinson v. Heinold Securities Inc., 661 F.2d 638, 642 (7th Cir. 1981) [discovery on non-artribable Federal securities claims is not sufficient to constitute a waiver of the right to arbitration].

Maeda has failed to prove any prejudice to support an arbitration waiver as required by Ninth Circuit authority.

### III. MAEDA IS BOUND BY THE ARBITRATION AGREEMENT IN THE POLICY IT IS SUING ON.

With all due respect, Maeda's opposition to Lexington's argument that Maeda is bound by the arbitration provisions in the policy completely missed the point. The concept is very straight forward. The United States Supreme Court decided in Arthur Anderson LLP v. Carlisle, 129 S.Ct. 1896, 173 L.Ed.2d 832, 77 U.S.L.W. 4374 (2009), that non-signatories to arbitration agreements can be required to arbitrate depending upon their status under state law. As such, Lexington pointed out in its motion that Maeda is a direct action claimant against Lexington's policy and, as such, whether it can be required to arbitrate depends upon its status under Guam law. Guam law pertaining to third party beneficiaries has been adopted from the State of California and, therefore, whether

- 8 -

Maeda should be obligated to arbitrate this claim on the insurance policy is largely dependent upon what California Courts have stated in connection with such claims. For that reason, Lexington's motion papers cited a large number of California cases indicating that claimants under insurance policies are third party beneficiaries and that such third party beneficiaries are required to comply with arbitration provisions contained in the policies.

Maeda has attempted to distinguish cases cited in the motion papers by arguing that they are not arbitration cases but, rather, involve an "insolvency statute" and relatives prosecuting a claim under a deceased insured's policy. This argument, and its purported distinctions, have nothing whatsoever to do with the key issue of whether a third party beneficiary to an insurance contract is bound by the arbitration provisions contained therein. In <u>Zahn v. Canadian Indem. Co.</u>, 57 Cal.App.3d 509, 129 Cal.Rptr. 286 (1976), which Maeda tries to distinguish as an "insolvency" case, the court stated as follows:

> "It is fundamental that generally speaking the injured party may not directly sue an insurer of the alleged tortfeasor. (citation omitted). The statutory cause of action created by Insurance Code §11580 and clauses drafted in compliance therewith is based on the unsatisfied judgment. (citation omitted). <u>Hence the contingency giving rise to an injured party's right as a third party beneficiary to enforce the contract is the legally established liability of insured</u>." 57 Cal.App.3d at 514.

- 9 -

Thus, it does not matter whether Zahn is an arbitration case, a construction case, a contract case, or some other type of case. What is important is that it establishes under California law that a direct action claimant against an insurance policy <u>is a third party beneficiary</u>. As indicated in Lexington's moving papers, a third party beneficiary to a contract is required to comply with the contract provisions, including an arbitration provision.

In fact, the only new case cited by Maeda to support its argument that Maeda is not required to arbitrate its direct action claim was <u>Flexi-Van Leasing Inc. v. Through Transp. Mut. Ins. Ass'n.</u>, 108 Fed.Appx. 35, 36-37 (3rd Cir. 2004), which was cited for some argument having to do with the scope of the arbitration obligation. However, a review of the <u>Flexi-Van</u> decision indicates that the Third Circuit stated as follows:

> "Generally speaking, a party cannot be required to participate in the arbitration, rather than adjudication, of a dispute unless it has agreed to submit that dispute, or disputes, of like nature, to the arbitral process. (citation omitted). <u>Flexi-Van</u> was not a signatory to the insurance policy, nor was it listed in the policy as an "Assured", a "Joint Assured", or a "Co-Assured". However, we have recognized that non-signatories to an arbitration agreement may be bound by that agreement through the application of 'traditional principles of contract and agency law.' (citations omitted). <u>One such traditional principle, applicable in the arbitration context, is the principle that a third party beneficiary is bound by the terms of a contract where its claim arises out of that contract.</u>" 108 Fed.Appx. at 40. (Emphasis added).

- 10 -

Significantly, the Third Circuit in Flexi-Van affirmed the trial court's decision that a claimant on an insurance policy was a third party beneficiary of the policy and was thus bound by its arbitration clause.

Under Guam law, a direct action claimant under an insurance policy, such as Maeda in this action, is a third party beneficiary and third party beneficiaries are bound by arbitration provisions in the policy upon which they are suing. Maeda, as a direct action claimant, is obligated to prove coverage under Lexington's policy in an arbitration in Massachusetts as is provided for by the terms and conditions of the policy itself. Nothing contained in Maeda's Opposition even remotely suggests that some other result is appropriate.

### IV.  CONCLUSION

For the foregoing reasons, Lexington submits that proceedings in connection with Maeda's direct action claim be stayed pending conclusion of the arbitration proceedings in Massachusetts which will determine whether coverage exists under the policy.

**RESPECTFULLY** submitted this 24th day of June, 2011.

BLAIR STERLING JOHNSON & MARTINEZ
A PROFESSIONAL CORPORATION

BY: _____
THOMAS C. STERLING
*Attorneys for Defendant Lexington Insurance Company*

E56:68\44694-01
G:\PLD\TCS\557-REPLY MEMO RE MTN TO STAY PENDING CONTRACTUAL
OBLIGATION RE MAEDA V GMP ET AL CV08-00012.DOC

- 11 -

# APPENDIX "A"

# Supreme Court of Guam

Office of the Clerk
Suite 300, Guam Judicial Ctr.
120 W O'Brien Dr.
Hagåtña, GU 96910

## ORAL ARGUMENT

Tuesday, June 28, 2011
10:00 a.m.

Justice Monessa G. Lujan Appellate Courtroom

| CASE NUMBER | CAPTION | ATTORNEYS | PANEL |
|---|---|---|---|
| CRQ10-001 | MAEADA PACIFIC CORPORATION, Plaintiff-Appellant, vs. GMP HAWAII, INC., etal., Defendants-Appellees, AND DERIVATIVE AND OTHERWISE RELATED LITIGANTS. | Randall Thompson
Samuel S. Teker
Thomas Tarpley
Rodney Jacob
Thomas Larkin
John Stewart
Jay D. Trickett
Thomas Sterling | CARBULLIDO
TORRES
MARAMAN |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |